IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

ROBERT TROY McCLURE §

v. § CIVIL ACTION NO. 5:11cv208

MARY LANGLEY, ET AL. §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Robert McClure., proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, McClure named Officer Tyler Boles and Officer Mary Langley.

McClure complained that Boles used excessive force on him on June 4, 2011, and that Langley submitted a "false statement" and a "false offense report which was thrown out." After review of the pleadings, the Magistrate Judge issued a Report on January 6, 2012, recommending that the lawsuit be dismissed pursuant to the three-strikes provision of 28 U.S.C. §1915(g). The Magistrate Judge observed that McClure had previously filed three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief may be granted, and thus is barred from proceeding *in forma pauperis*; instead, McClure must pay the full filing fee at the institution of his case or show that he is in imminent danger of serious physical injury. Because McClure did neither of these, the Magistrate Judge recommended that McClure's *in forma pauperis* status be revoked and that the lawsuit be dismissed.

McClure filed objections to the Magistrate Judge's Report. In his objections, McClure states that he was assaulted on June 4, 2011, and made statements to the state police on October 10. Langley then wrote a "false disciplinary case" which got him moved to F Pod, where "beatings take place." Langley has also threatened to fabricate evidence so that McClure will get more free-world criminal charges. His property was taken without a hearing for 19 days. A hearing was held on November 21 and McClure was threatened by Lt. Leaks; the next day, he was "pushed and threatened" by Captain Goodin. McClure filed his lawsuit on December 6, 2011. He also complains of incidents which occurred after December 6, but fails to show how later-occurring incidents are relevant to show that he was in imminent danger as of the date that he filed his complaint.[1]

28 U.S.C. §1915(g), added by Act of Congress on April 26, 1996 as part of the Prison Litigation Reform Act, provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Magistrate Judge concluded that McClure has three strikes, a finding which McClure does not contest. *See* McClure v. Sanchez, slip op. no. 11-50274, 2011 WL 4495608 (5th Cir., September 29, 2011); McClure v. Baggett, civil action no. 5:10cv79 (E.D.Tex., May 7, 2010, no appeal taken); McClure v. Holder, et al., civil action no. 5:08cv804 (W.D.Tex., dismissed December 5, 2008, appeal dismissed September 8, 2009).

The Fifth Circuit has held that the "imminent danger" exception applies at the time that the plaintiff seeks to file his complaint or notice of appeal *in forma pauperis*. Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (imminent danger exception applies at the time that the plaintiff seeks to file his complaint or notice of appeal *in forma pauperis*). In order to meet the imminent danger requirement of §1915(g), the threat must be "real and proximate." Ciarpaglini v. Saini, 352 F.3d

[1] After the filing of the complaint and the Report of the Magistrate Judge, McClure has now been transferred to another unit and is no longer at Telford.

328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001). In that case, the Third Circuit rejected a claim that allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger.

In addition, vague and conclusory allegations of imminent danger are insufficient to trigger the exception to §1915(g). *See* Hyder v. Obama, civil action no. 5:11cv26, 2011 WL 1113496 (E.D. Tex., March 24, 2011, no appeal taken); Valdez v. Bush, civil action no. 3:08cv1481, 2008 WL 4710808 (S.D.Tex., October 24, 2008); Ruston v. Dallas County, Texas, civil action no. 3:04cv1691, 2004 WL 2512232 (N.D. Tex., December 9, 2004, no appeal taken). The mere recitation of the phrase "imminent danger" or "my life is in danger" does not invoke the exception to §1915(g).

In this case, a careful review of the pleadings fails to demonstrate that McClure has shown that he was in imminent danger of serious physical injury as of the time that he signed his lawsuit, on December 6, 2011. He refers to threats made against him, but the Fifth Circuit has held that "mere threatening language and gestures" of a custodial officer do not, even if true, amount to constitutional violations. Bender v. Brumley, 1 F.3d 271, 274 n.3 (5th Cir. 1993); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983). Similarly, such threats by themselves are not sufficient to show "a genuine emergency where time is pressing." Nor does the fact that Captain Goodin, who is not named as a defendant in the lawsuit, may have pushed him in November does not show that he was in imminent danger two weeks later, when he signed the lawsuit. Heimerman, 337 F.3d at 782 (noting that allegations of past harm do not show present danger; Baños, 144 F.3d at 885 (rejecting contention that "imminent danger" exception referred to danger at the time of the incident complained of rather than at the time of the filing of the complaint or notice of appeal).

The fact that McClure was transferred to F Pod does not by itself show that he was in imminent danger of serious physical injury. The mere fact of being on F Pod does not create a blanket exception allowing all inmates housed there to argue at all times that they are in "imminent danger," which would render §1915(g) inapplicable to inmates on F Pod. *See generally* Althouse v. Murray, civil action no. 6:11cv608, 2011 WL 7403058 (E.D.Tex., November 18, 2011, *Report adopted by* 2012 WL 555411 (E.D.Tex., Feb. 17, 2012) (blanket allegations about understaffing in the prison and overcrowding in the dayrooms, and similar claims, did not show imminent danger; such allegations would "create a situation in which §1915(g) would have no effect because all prisoners could argue at all times that they are in 'imminent danger"); Abdul-Akbar, 239 F.3d at 315 (stating that "we refuse to conclude that with one hand Congress intended to enact a statutory rule that would reduce the huge volume of prisoner litigation, but with the other hand, it engendered an open-ended exception that would eviscerate the rule"). McClure's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 3) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's application for leave to proceed *in forma pauperis* (docket no. 2) is hereby DENIED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $350.00 filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 24th day of May, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE